# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sergey Medvedev,[1]

                    Petitioner,        Case No. 25-11048

v.                                     Judith E. Levy
                                       United States District Judge
Warden of FCI Milan, *et al.*,
                                       Mag. Judge Curtis Ivy, Jr.
                    Respondents.

_____/

## OPINION AND ORDER GRANTING
## RESPONDENTS' MOTION TO DISMISS [5]

Before the Court is Petitioner Sergey Medvedev's petition for a writ

of habeas corpus under 28 U.S.C. § 2241 and Respondents Warden of FCI

Milan, the "Department of Homeland Security/Enforcement and

---

[1] Petitioner uses the name "Sergey Medvedev" on the case caption of his Petition. (ECF No. 1, PageID.1.) The Court notes that he then lists his full name as "Sergei Medvedev," but acknowledges that he has also used the names "Sergey Medvedev" and "Sergi Medvedev." (*Id.*) Records pertaining to Petitioner vary in the spelling of his first name. (*See* ECF No. 5-3, PageID.48 (Petitioner's sworn statement referring to him as both "Sergey" and "Sergei"); ECF No. 5-4 (referring to Petitioner as "Sergey"); ECF No. 5-6 (Notice and Order of Expedited Removal referring to Petitioner as "Sergei").) For ease of reference, the Court refers to him as "Sergey Medvedev."

Removal Operations" Detroit field office, and the United States Attorney General's motion to dismiss. (ECF Nos. 1, 5.)

On April 24, 2025, Respondents filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 5.) Petitioner did not file a response to the motion to dismiss, and the time to file a response has expired.

Petitioner is currently incarcerated at FCI Milan in Milan, Michigan. (ECF No. 1, PageID.1.) Petitioner was escorted by the United States Marshal Service from Thailand into the United States on March 9, 2018, pursuant to an extradition order due to the criminal charges he faced in the United States. (ECF No. 5-2, PageID.45–46; *see* ECF No. 5-4, PageID.54 (setting forth that Petitioner faced charges pursuant to an indictment returned by a grand jury on January 30, 2018).) He was paroled into the United States under INA § 212(d)(5)(A),[2] until March 11, 2018. (ECF No. 5-2, PageID.45–46.) On March 19, 2021, the United States District Court for the District of Nevada sentenced Petitioner to 120 months for violating 18 U.S.C. §§ 1962(d) and 1963, racketeering conspiracy. (ECF No. 5-5, PageID.80.)

---

[2] INA § 2112(d)(5)(A) can be found at 8 U.S.C. § 1182(d)(5)(A).

On February 21, 2025, the United States Department of Homeland Security ("DHS") issued a notice and order of expedited removal and determination of inadmissibility ("NOER"). (ECF No. 5-6, PageID.91.) In the NOER, DHS stated that Petitioner was a native and citizen of Russia and is not a citizen or national of the United States, that Petitioner is an "immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act," and that Petitioner is subject to removal from the United States on the basis of section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (*Id.* at PageID.91–92.)

Petitioner challenges the issuance of the NOER. (ECF No. 1, PageID.2.) The grounds for his challenge are as follows:

Ground One: Petitioner "lawfully entered the United States."

Ground Two: Petitioner "had a valid unexpired passport when he entered the United States."

Ground Three: Petitioner "did not have an opportunity to express fear of returning to Russia, which would have stopped any removal proceedings."

Ground Four: The notice and order of expedited removal "is not a valid expedited removal order under 8 U.S.C. § 1225(b)(1)" "because he is not an 'arriving' noncitizen under subsection (i), or another

type of removal noncitizen who may be subject to expedited removal under subsection (iii)."

(*Id.* at PageID.6–7.)

## I.      Legal Standard

The Court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2443, the Court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions [] the sufficiency of the pleading." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Gentek*, 491 F.3d at 330).

In contrast, "[w]hen a factual attack . . . raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek*, 491 F.3d at 330. In a factual attack on subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations," *id.*, and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

"In considering a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, a district court may consider factual matters outside the pleadings and resolve factual disputes." *Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014). When a court's subject-matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Glob. Tech., Inc.*, 807 F.3d at 810 ("[T]he party invoking federal jurisdiction has the burden to prove that jurisdiction.").

A pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by

5

lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.    Analysis

Respondents argue that the Court does not have subject matter jurisdiction over the petition.

A district court's ability to review an expedited order of removal under 8 U.S.C. § 1225(b)(1) is limited. 8 U.S.C. § 1252(a)(2)(A) states that courts do not have jurisdiction to review, except as provided in § 1252(e), any "cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)," "a decision by the Attorney General to invoke the provisions of such section," "the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B)," and "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1)."

Under § 1252(e)(2), a district court has jurisdiction over habeas corpus proceedings that challenge an expedited order of removal on the basis of "(A) whether the petitioner is an alien," "(B) whether the petitioner was ordered removed under such section," and (C) whether the

petitioner could prove that they were lawfully admitted for permanent residence or as a refugee, or was granted asylum. When determining if "the petitioner was ordered removed under such section," "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).

Here, Petitioner challenges "the issuance" of the NOER, (ECF No. 1, PageID.2), and asks that the Court "rescind/terminate the order of expedited removal." (*Id.* at PageID.7.) Petitioner believes that he should not be subjected to the expedited removal process because he was paroled into the United States, he had a valid passport when he entered the United States, he did not have an opportunity to express fear of returning to Russia, and he is not an "arriving" noncitizen. (*Id.* at PageID.6–7.)

The Court does not have jurisdiction over this suit. Petitioner does not ask to be released from imprisonment. The relief that Petitioner seeks—vacatur of the NOER—"falls outside the scope of the common-law habeas writ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117–18 (2020).

Additionally, Petitioner does not set forth any basis for the Court to review the NOER under 8 U.S.C. § 1252(e). As set forth previously, under § 1252(e)(2), a district court only has jurisdiction over habeas corpus proceedings that challenge an expedited order of removal regarding "(A) whether the petitioner is an alien," "(B") whether the petitioner was ordered removed under such section," and (C) whether the petitioner could prove that they were lawfully admitted for permanent residence or as a refugee, or was granted asylum. Regarding § 1252(e)(2)(A) and (C), there is no dispute that Petitioner is an "alien,"[3] and there is nothing in the record showing, nor does Petitioner allege, that he was "lawfully admitted for permanent residence or as a refugee, or was granted asylum."

Regarding § 1252(e)(2)(B), "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).

---

[3] For purposes of the Immigration and Nationality Act, "alien" is defined as "any person not a citizen or national of the United States." *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025) (citing 8 U.S.C. § 1101(a)(3)). Petitioner is not a citizen or national of the United States.

There is no question that the NOER was issued and that it names Petitioner. (*See* ECF No. 5-6 (NOER issued against Petitioner).) Further, Petitioner appears to ask the Court to review whether he is "entitled to any relief from removal," which is precisely what the Court lacks jurisdiction to review.[4]

As such, the Court does not have subject matter jurisdiction over the Petition, and it must be dismissed without prejudice. *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021) ("A court that lacks subject-matter jurisdiction has no power but to dismiss the case . . . . Such a dismissal is without prejudice . . . .").

## III.   Conclusion

For the reasons set forth above, the Court GRANTS Respondents' motion to dismiss for lack of subject matter jurisdiction. (ECF No. 5.) The Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

---

[4] At least one district court has held that the language in 8 U.S.C. § 1252(e) should be read broadly to permit court review of "whether the expedited removal statute was *lawfully applied* to petitioners in the first place." *Am.-Arab Anti-Discrimination Comm. v. Ashcroft*, 272 F. Supp. 2d 650, 663 (E.D. Mich. 2003) (Cohn, J.) (emphasis in original). However, unlike *American-Arab*, Petitioner does not raise any constitutional grounds for relief. *See id.* (holding that the court has jurisdiction to consider "whether the unlawful application has violated petitioners' constitutional rights"). Additionally, the petitioners in *American-Arab* challenged their detention pending removal. *Id.* at 659. Here, Petitioner does not.

IT IS SO ORDERED.

Dated: March 18, 2026          s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2026.

                               s/William Barkholz
                               WILLIAM BARKHOLZ
                               Case Manager

10